

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:                    Attention:  Mr. T. J. O'Connor
                             Chief Clerk and Auditor
                             Vocational Division

                             Opinion No. O-1340
                             Re:  Payment of traveling ex-
                             penses of certain employees
                             of the Department of Education
                             on the proposed trip to a joint
                             conference of all state direc-
                             tors and head supervisors of
                             18 states to be held at Grand
                             Rapids, Michigan.

        We are in receipt of your letter of November
28, relating to the above matter, wherein you ask
the following two questions:

        "1.  Will the paying exclusively
        from Federal Funds of the transporta-
        tion and other expenses to and from
        Grand Rapids, Michigan, of Mr. R. A.
        Manire, Director of Vocational Agricul-
        ture, Mr. J. B. Rutland, Head State Sup-
        ervisor of Vocational Agriculture, and
        Miss Ruth Huey, Director of Home Economics
        for the purpose of attending the above con-
        ference be a violation of the General Ap-
        propriation Bill of the 46th Legislature
        known as Senate Bill 427?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable L. A. Woods, page 2

"2.   Can the State Legislature pre-
vent by its acts the use of Federal Funds
appropriated by the Congress of the United
States for a specific purpose when this
Federal money is on deposit with the State
Treasurer?"

If the moneys to be paid in defraying the ex-
penses of the proposed trips to Grand Rapids, Michigan,
are to be paid "exclusively from federal funds," in the
sense that they are not to be paid by warrant drawn on
the State Treasurer of Texas, then the provisions con-
tained in Senate Bill No. 427 passed by the recent ses-
sion of the Texas Legislature can have no bearing there-
on.

If, however, you mean by your question that
the federal moneys have been paid into the State Trea-
sury, then the answer to your first question is con-
trolled by the following provision in the general rider
to the departmental appropriation bill (Senate Bill
427:)

"Any such federal funds as may be
deposited in the State Treasury and here-
by appropriated to the specific purpose
authorized by the Federal Government."

We do not have before us the act, order or regula-
tion pursuant to which the money to which you refer was de-
livered by the federal government.  If the proposed trip of
these three State employees may be reasonably construed to
be within such "specific purpose", warrants in payment of
their traveling expenses may be properly drawn by the Comp-
troller against the proper fund in the State Treasury.

We must decline to answer your second question
for the reason that the same is hypothetical.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Walter R. Koch
Assistant

APPROVED DEC 4, 1939

ATTORNEY GENERAL OF TEXAS

WRK:LW

APPROVED
OPINION
COMMITTEE
BY